IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARCUS DeANGELO JONES a/k/a MARCUS DeANGELO LEE, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 09-2455-STA/tmp |
| JUAN CASTILLO, | ) ) ) | |
| Respondent. | ) ) | |

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER REITERATING CERTIFICATION APPEAL NOT TAKEN IN GOOD FAITH

On July 9, 2009, Petitioner Marcus DeAngelo Jones a/k/a Marcus DeAngelo Lee,[1] Bureau of Prisons ("BOP") inmate registration number 12520-045, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241. (Docket Entry ("D.E.") 1.) On September 29, 2009, the Court denied the petition and certified that any appeal would not be taken in good faith. The judgment was entered on September 29, 2009. On October 8, 2009, Petitioner filed a "motion to reconsider judgment" which the Court construes

---

[1] Petitioner has used the names "Marcus DeAngelo Jones" and "Marcus DeAngelo Lee," and the indictment in his criminal case states that his real name is "Marcus DeAngelo Lee."

as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001). The issues raised by Jones do not fit within this framework. Jones merely restates and amplifies points made in his original petition. Jones is not entitled to invoke § 2241. The motion for reconsideration presents no grounds for relief and is DENIED.

The Court reiterates, for the reasons expressed in this order and the previous order of dismissal that any appeal is not taken in

2

good faith and Petitioner may not proceed on appeal in forma pauperis.[2]

      IT IS SO ORDERED this 1st day of December, 2009.

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

---

[2] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.